IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1194-GPG
**(The above civil action number must appear on all future papers
  sent to the Court in this action.  Failure to include this number
  may result in a delay in the consideration of your claims.**)

CHRISTOPHER SELECTMAN,

      Plaintiff,

v.

JOHN HICKENLOOPER, in his Official Capacity as Governor of the State of Colorado,
RICK RAEMISCH, in his Official Capacity as Executive Director of Colorado
Department of Corrections,
ALISON MORGAN, in her Official Capacity as Deputy Director and Acting Chair of the
Colorado Parole Board, and
JOHN AND JANE DOES 1 TO 20, individually and in their Official Capacity as agents of
Colorado General Assembly

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

Plaintiff, Christopher Selectman, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Sterling

Correctional Facility in Sterling, Colorado.  Mr. Selectman initiated this action by filing

*pro se* a Prisoner Complaint (ECF No. 1) asserting a deprivation of his constitutional

rights pursuant to 42 U.S.C. § 1983.  He paid the filing fee in full.

According to Plaintiff, he is serving a mandatory adult sentence of life

imprisonment without the possibility of parole for a crime he committed in 1994, when

he was sixteen years old. (*Id.* at 2, 5). He claims that the continued denial of allowing

him a meaningful opportunity for release violates his rights under the Eighth and

Fourteenth Amendments and Customary International Law. (*Id.* at 8-9). He asks for

declaratory and injunctive relief, as well as attorney fees and costs and any further relief

the court deems just and proper. (*Id.* at 9-10).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b)(3), the Court

has determined that the document is deficient as described in this order.  Plaintiff will be

directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff

files in response to this order must include the civil action number noted above in the

caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   __     is not submitted
(2)   __     is missing affidavit
(3)   __     is missing certified copy of prisoner's trust fund statement for the 6-month
                period <u>immediately preceding</u> this filing
(4)   __     is missing certificate showing current balance in prison account
(5)   __     is missing required financial information
(6)   __     is missing an original signature by the prisoner
(7)   __     is not on proper form
(8)   __     names in caption do not match names in caption of complaint, petition or
                habeas application
(9)   __     An original and a copy have not been received by the Court.
                Only an original has been received.
(10)  __     other:

**Complaint, Petition or Application**:
(11)  __     is not submitted
(12)  <u>X</u>     is not on proper form (must use the Court's current form)
(13)  __     is missing an original signature by the prisoner
(14)  __     is missing page no. __
(15)  __     uses et al. instead of listing all parties in caption
(16)  __     An original and a copy have not been received by the Court.  Only an
                original has been received.
(17)  __     Sufficient copies to serve each defendant/respondent have not been
                received by the Court.
(18)  __     names in caption do not match names in text
(19)  __     other:

The Prisoner Complaint is not on the Court-approved Prisoner Complaint form.

Local Civil Rules 1.2 and 5.1(c) for this Court require *pro se* litigants to use the Court-

approved forms found on the Court's website.  The United States Court of Appeals for

the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply

with local court rules requiring use of proper Court-approved forms, and rejected

constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917,

918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil

rights action without prejudice for federal prisoner's noncompliance with local rules

requiring use of proper court-approved form to file complaint and district court's order to

comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within

district court's discretion to dismiss prisoner's complaint for failure to comply with local

rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate

prisoner's equal protection rights).

Mr. Selectman's Prisoner Complaint also fails to comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  He will, therefore, be

directed to file an amended Prisoner Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of

the basis for the claims against them so that they may respond and to allow the court to

conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

In order to state a claim in federal court, Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).  Plaintiff cannot name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

> [W]hen a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Furthermore, Mr. Selectman may use fictitious names, such as "John or Jane Doe," if he does know the real names of the individuals who allegedly violated his rights.  However, if Mr. Selectman uses fictitious names he must provide sufficient information about each defendant so that he or can she be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  Mr. Selectman will be given an opportunity to cure the deficiencies in the Prisoner Complaint by submitting an amended Prisoner Complaint, on the current court-approved form, that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Mr. Selectman cure the deficiencies designated above and file an amended Prisoner Complaint on the current court-approved form, that complies with Rule 8 of the Federal Rules of Civil Procedure, and alleges specific facts in support of his claims and demonstrates how each named Defendant personally participated in the asserted constitutional violation, **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner

5

Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in curing the designated deficiencies and filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and action may be dismissed without further notice.

DATED June 18, 2015, at Denver, Colorado.


BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge